UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER L. HOLSCHER,

                                Plaintiff,

                v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**19-CV-510F**
(**consent**)

APPEARANCES:           LAW OFFICES OF KENNETH R. HILLER, PLLC
                               Attorneys for Plaintiff
                               KENNETH R. HILLER, and
                               TIMOTHY HILLER, of Counsel
                               6000 North Bailey Avenue
                               Suite 1A
                               Amherst, New York  14226

                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York  14202
                                   and
                               RICHARD W. PRUETT, and
                               MICHAEL ARLEN THOMAS
                               Special Assistant United States Attorneys, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               1961 Stout Street
                               Suite 4169
                               Denver, Colorado  80294

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 11).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 13, 2019 (Dkt. 7), and by Defendant on November 12, 2019 (Dkt. 9).

## BACKGROUND

Plaintiff Jennifer L. Holscher ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on August 24, 2015, for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges she became disabled on February 1, 2008, based on severe depression, severe anxiety, and side effects from medications that make it hard to function.   AR[2] at 155, 169, 173.  Plaintiff's application initially was denied on November 9, 2015, AR at 64-74, and at Plaintiff's timely request, AR at 91-93, on January 24, 2018, a hearing was held via teleconference in Buffalo, New York before administrative law judge Michael Carr ("the ALJ") located in Falls Church, Virginia.  AR at 38-63 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Justin Goldstein, Esq. ("Goldstein"), and vocational expert Ray Burger ("the VE").

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 15, 2019 (Dkt. 6).

On May 30, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 22-37 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 6-7.  On February 26, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-5, rendering the ALJ's Decision the Commissioner's final decision.  On April 18, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On September 13, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum").  On November 12, 2019, Defendant moved for judgment on the pleadings (Dkt. 9) ("Defendant's Motion"), attaching The Commissioner's Brief in Support of the Defendant's Motion for Judgment on the Pleadings Pursuant to Local Standing Order on Social Security Cases (Dkt. 9-1) ("Defendant's Memorandum").  Filed on December 3, 2019, was Plaintiff's Reply Brief (Dkt. 10) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


### FACTS[3]

Plaintiff Jennifer L. Holscher ("Plaintiff" or "Holscher"), born September 1, 1969, was 38 years old as of February 1, 2008, her alleged disability onset date ("DOD"), and 48 years old as of May 30, 2018, the date of the ALJ's Decision.  AR at 12, 21, 154, 169, 200.  Plaintiff attended high school in regular classes until 10th grade, obtained her graduate equivalency diploma, and has completed no specialized job training, trade or

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

vocational school.  AR at 174, 223, 313.  Plaintiff's only work experience is as a

housekeeping manager/cleaner from January 2007 to January 2008.  AR at 168, 174,

214, 313.

As of the administrative hearing, Plaintiff was divorced with four adult children

and lived with her elderly parents.  AR at 46, 181, 295, 313.  Plaintiff was able to

perform self-care and prepare simple meals, AR at 48-49, and had a driver's license but

no vehicle so she relied on getting rides from others, especially her father, to

appointments.  AR at 48-49, 184.  Plaintiff spends her days helping her parents with

dusting and doing dishes, but maintains side effects from her medications cause her

fatigue and Plaintiff ends up laying in bed most of the time.  AR at 49.  Plaintiff likes to

garden and planted tomatoes in pots which she relied on her father to water.  AR at 52.

Plaintiff also has a boyfriend with whom she occasionally stays when she needs a break

from her parents.  AR at 57-58.  With her boyfriend, Plaintiff goes out to eat and

watches movies.  AR at 58.

It is undisputed that Plaintiff suffers from depression and anxiety, and has a

history of alcohol abuse in remission.  From October 8, 2014 through September 2017,

Plaintiff regularly attended therapy sessions at Community Concern of Western New

York ("CCWNY") where she saw Nurse Practitioner Marlene Longdon ("NP Longdon")

for medication management, and attended individual counseling sessions with licensed

mental health counselor Katherine Nolan-Eaton (LMHC Nolan-Eaton).  AR 289-312,

361-87.  In connection with her disability benefits application, on October 16, 2015,

Plaintiff underwent a consultative psychiatric evaluation by psychologist Janine Ippolito,

Psy.D. ("Dr. Ippolito").  Plaintiff's primary medical care is through Sharma Family

Medicine PLLC ("Sharma"), where Plaintiff saw Nisha Sharma, M.D. ("Dr. Sharma"), and at Preferred Physicians Care PC where Plaintiff saw physician assistant Lindsey Pietras ("PA Pietras").  AR 236-92, 389-515.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 24, 2015, the date of her disability benefits application, AR at 27, and suffers from the severe impairments of alcohol abuse disorder, major depressive disorder, anxiety disorder, and vitamin B12 deficiency anemia, *id.*, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to

the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 27-29.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform a full range of work at all exertional levels but with nonexertional limitations including performing simple, routine tasks, tolerating occasional contact with supervisors and co-workers, no in-person contact with the general public, cannot perform tandem work, must work in a work environment where change is minimal, cannot climb ladders, ropes, and scaffolds, cannot work around unprotected heights, and cannot operate motor vehicles or dangerous machinery. *Id.* at 29-34.  The ALJ further found Plaintiff is capable of performing her PRW as a cleaner, which work does not require performing work-related activities precluded by the Plaintiff's mental RFC.  AR at 34.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 34.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred in assessing Plaintiff's mental residual functional capacity by discrediting Plaintiff's subjective complaints, including her asserted fatigue and confinement to bed as side effects of her medications, without providing a legitimate, clear analysis of such complaints.  Plaintiff's Memorandum at 10-16.  Defendant argues the ALJ's factual findings regarding the believability of Plaintiff's subjective complaints are supported by substantial evidence and Plaintiff essentially requests the court improperly reweigh the evidence. Defendant's Memorandum at 11-15.  In reply, Plaintiff maintains Plaintiff is not challenging the ALJ's credibility finding, but that the ALJ frustrated judicial review "by failing to provide any reasonably clear explanation as to why Plaintiff lacked credibility

as to her subjective complaints," asserting the disabling effects of Plaintiff's severe impairments may be proven solely through subjective allegations and that Plaintiff's administrative hearing testimony that she could perform some work outside the home does not support the ALJ's determination that Plaintiff is not disabled.  Plaintiff's Reply at 1-2 & n. 1.  There is no merit to Plaintiff's arguments.[5]

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms."  *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).  Nevertheless, that ALJ "is not require[d] to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record."  *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).  Further, "'[b]ecause the ALJ has the benefit of directly

---

[5] The court notes Plaintiff's only physical impairment is vitamin B deficiency anemia, AR at 14, but because Plaintiff's arguments are limited to her mental health issues, the court does not discuss this impairment.

observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence.'"  *Simmons v. Comm'r of Soc. Sec.*, 2020 WL 4597316, at *5 (W.D.N.Y. Aug. 10, 2020) (quoting *Baker ex rel. Baker v. Berryhill*, 2018 WL 1173782, at *5 (W.D.N.Y. Mar. 6, 2018) (internal quotation marks omitted)).  *See Cage v. Comm'r of Soc. Sec.*, 692 F.2d 118, 127 (2d Cir. 2012) (reviewing court must "defer to the Commissioner's resolution of conflicting evidence.").  Moreover, under such deferential standard of review applicable to a district court's review of an ALJ's determination of a social security disability claim, substantial evidence in the record may support two contrary rulings.  *See McIntyre v. Colvin*, 758 F.3d 146, 148 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").  In this case, the ALJ's credibility finding regarding Plaintiff's subjective claims of the disabling effects of her psychiatric impairments is supported by substantial evidence in the record.

Specifically, the ALJ observed that despite Plaintiff's years-long treatment for depression, anxiety and alcohol dependency disorder, Plaintiff was repeatedly assessed with generally unremarkable mental status findings with Plaintiff exhibiting only mild symptoms of depression and anxiety.  For example, the ALJ considered that Plaintiff's initial psychiatric evaluation at CCWNY on November 6, 2014, revealed Plaintiff had depressed and anxious mood, yet was cooperative and neatly dressed, affect was appropriate, speech had normal pace and tone, thought processes were intact, content was reality based, there was no lethality or psychomotor agitation, attention was good, Plaintiff was oriented in all three spheres, memory was within normal range, insight and

judgment were fair, and IQ was estimated as "likely in the average range." AR at 17-18 (citing AR at 286-89, 570-72). Plaintiff was assessed with a Global Assessment of Functioning ("GAF")[6] score of 65, correlating to mild difficulty in social, occupational, or school functioning. AR at 18 (citing 288, 571). Similarly, upon examination at Sharma on September 9, 2015, Plaintiff's "psychiatric evaluation was normal, except [for] mildly flat affect." AR at 18 (citing AR at 255-56). In a treatment note prepared following a September 15, 2015 counseling session, LMHC Nolan-Eaton reported Plaintiff was addressing how her negative thought patterns concerned various relationships in her life, including past relationships with abusive and controlling men. AR at 18 (citing AR at 312). A November 3, 2015 mental status examination at CCWNY was unremarkable with Plaintiff oriented to all three spheres, with good concentration, and memory, insight, and judgment within normal range, and intact thought processes. AR at 18 (citing 575). In a December 1, 2015 CCWNY progress note, Plaintiff's mental status examination is again reported as generally unremarkable except for her mood "appear[ing] to be depressed and anxious," and Plaintiff requested a note from NP Longdon that Plaintiff cannot work, yet Plaintiff also stated "she feels she can now work on an external basis." AR at 18-19 (citing AR at 576). In 2016 individual counseling sessions with LMHC Nolan-Eaton, Plaintiff's mental health evaluations are positive only with regard to

---

[6] The GAF Scale was "promulgated by the American Psychiatric Association to assist 'in tracking the clinical progress of individuals [with psychiatric problems] in global terms.'" *Kohler v. Astrue*, 546 F.3d 260, 262 n. 1 (2d Cir. 2006) (alterations in original) (quoting Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders ("DSM"), 32 (4th ed. 2000)). Although GAF scores are intended only to make treatment decisions, rather than disability determinations, and may be relevant to the ALJ's RFC determination, *Gonzalez v. Colvin*, 2016 WL 4009532, at * 5 (W.D.N.Y. July 27, 2016), the GAF scale is "no longer in use," *Kaczowski v. Colvin*, 2016 WL 5922768, at *12 n. 5 (S.D.N.Y. Oct. 11, 2016) (citing DSM (5th ed. 2013)), yet "the Commissioner may still consider GAF scores as one factor among others." *Pena Lebron v. Comm'r of Soc. Sec.*, 2019 WL 1429558, at *3 n. 3 (S.D.N.Y. Mar. 29, 2019) (citation and quotation marks omitted).

Plaintiff's thoughts regarding family issues with Plaintiff variously being "still a little depressed" and that she "had some ups and downs."  AR at 19 (citing AR at577-79). On April 11, 2017, Plaintiff reported to NP Longdon being "a little stressed" and that she was taking care of her sick mother.  AR at 19 (citing AR at 586).  On June 6, 2017, Plaintiff reported to NP Longdon she continued to take care of her sick mother, activity to which Plaintiff's stress was attributed.  AR at 19 (citing AR at 587).  The ALJ further noted inconsistencies between Plaintiff asserting she is unable to work, yet on December 1, 2015, NP Longdon reported Plaintiff "feels she can work on an external basis."  *See Lovell v. Colvin*, 137 F.Supp.3d 347, 354 (W.D.N.Y. 2015) (no remand necessary where ALJ rejects Plaintiff's subjective complaints based on Plaintiff's own expressed desire to work such that the ALJ did not abuse his discretion in determining the plaintiff's testimony was not entirely credible).

The ALJ also found the progress notes of NP Longdon and LMHC Nolan-Eaton consistent with the October 16, 2015 consultative psychological evaluation findings of Dr. Ippolito to which the ALJ accorded "some weight."  AR at 18, 20 (citing AR at 313-17).  In particular, Dr. Ippolito confirmed Plaintiff's diagnoses of major depressive disorder, anxiety disorder with panic attacks, and substance abuse in remission, yet also reported Plaintiff's mental status examination was unremarkable except for anxious affect, attention and concentration were impaired only with regard to suspected difficulty with math skills, and mildly impaired recent and remote memory skills based on possible anxiety and nervousness.  *Id.* (citing AR at 316).  Dr. Ippolito's medical source statement included that Plaintiff was able to follow and understand simple directions and instructions, perform simple and complex tasks independently, learn new tasks, make

appropriate decisions with no evidence of limitations, can maintain attention, concentration, and a regular schedule with mild limitations, relate adequately to others, and appropriately deal with stress with moderate limitations.  *Id.*  Dr. Ippolito further opined the results of the psychiatric evaluation "appear to be consistent with the psychiatric and substance abuse problems, but in itself this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis."  *Id.*  Significantly, the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence).  Moreover, neither NP Longdon nor LMHC Nolan-Eaton is an acceptable medical source under the regulations requiring their opinions be given controlling weight.  *See* 20 C.F.R. §§ 404.1527(f), 416.927(f).  The record thus does not support Plaintiff's assertion that the ALJ's rejection of Plaintiff's subjective complaints of severe depression and related impairments was without sufficient consideration.

The ALJ's credibility assessment of Plaintiff's capacity for SGA is therefore based on substantial evidence in the record.  Accordingly, Plaintiff's request for remand is DENIED.  *See Sloan v. Colvin,* 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated the plaintiff's credibility based on the plaintiff's testimony and activities of daily living, and medical evidence conflicting with such testimony and activities).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion

(Dkt. 9) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 21st, 2020
              Buffalo, New York